**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JORGE M. SOLANO-MORETA  * | |
| * | |
| Petitioner  * | |
| * | |
| v.  * | Civil No. 05-1692 (SEC) |
| * | |
| UNITED STATES OF AMERICA  * | |
| * | |
| Respondent  * | |
| ********************************** | |

**OPINION AND ORDER**

Before the Court is Petitioner Jorge M. Solano-Moreta's Motion to Vacate, Set Aside or Correct Criminal Sentence pursuant to 28 U.S.C.A. § 2255, (Docket # 1), and the Government's opposition thereto (Docket # 4). After considering the parties' filings and the applicable law, Petitioner's motion is hereby **DENIED.**

The Petitioner, aided by Counsel, has filed a one-page motion to vacate requesting that the court "vacate, set aside or correct his criminal sentence pursuant to Blakely v. Washington, 542 U.S. 296 (2004), and Dodd v. U.S., 545 U.S. 353 (2005)." This one sentence is the only meat in the bones of Petitioner's motion. It is well settled law that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones...[j]udges are not expected to be mindreaders[;] a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." U.S. v. Zannino, 895 F. 2d 1, 1990; see also, Casillas-Díaz v. Palau, 463 F. 3d 77 (1st Cir. 2006)(same). We see no reason why this Court should dedicate its valuable and limited time and resources in doing Counsel's work.

In light of the above, Petitioner's motion is **DENIED** and this case is **DISMISSED with prejudice.** Judgment is hereby entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 23rd day of July, 2007.

**Civil No. 05-1692(SEC)** 2
_____

        S/ *Salvador E. Casellas*
        SALVADOR E. CASELLAS
        United States District Judge